**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**APRIL RASDON, as Special Administrator for the Estate of Brock Tyner** **PLAINTIFF**

**v.** **No. 3:25-cv-211-DPM**

**CITY OF JONESBORO; JOSEPH HARRIS, Officer, Jonesboro Police Department, Individually and in his official capacity; MARTY BOYD, Sheriff, Craighead County; JOSEPH MINTON, Officer, CCSO, Individually and in his official capacity; MEGAN FERGUSON, Officer, CCSO, Individually and in her official capacity; DUSTIN WILLIAMSON, Officer, CCSO, Individually and in his official capacity; MICHAEL EASTBURN, Officer, CCSO, Individually and in his official capacity; TIMOTHY MOFFITT, Officer, CCSO, Individually and in his official capacity; and MATTHEW SWAN, Officer, CCSO, Individually and in his official capacity** **DEFENDANTS**

# AGREED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), here is the Protective Order.

**1.** Counsel for County Defendants have agreed to produce personnel files of employees which may contain sensitive personal information or confidential records. County Defendants shall designate, in writing, all evidence and information that is Confidential. Until this written designation, Plaintiff shall treat all files presented as confidential.

**2.** The documents contained in the files shall be provided in a redacted form (redacting personally sensitive information such as Social Security Numbers, birth dates, names and contact information of family members etc.), and shall be considered confidential.

**3.** Confidentiality designations are to be made in good faith, and if the parties cannot agree on the designation, it will be the designating party's burden to prove confidentiality.

**4.** Designation of a document as confidential does not, standing alone, justify filing the document under seal. Instead, the parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction. If redaction is impracticable, a party must move for permission to file any

information designated as confidential and any related motion, brief, or paper containing that material under seal. The moving party must justify sealing with specifics and solid reasons, document-by-document, including an explanation about why redaction cannot be done.

**5.** Confidential information or records does not include documents or information that are available pursuant to the Arkansas Freedom of Information Act, and the Protective Order does not bestow confidentiality or protection from disclosure to information or documents publicly accessible through the Arkansas Freedom of Information Act.

**6.** All confidential information shall be used only for the purpose of this litigation and none of the confidential material may be used for any other purpose whatsoever. Moreover, neither Plaintiff nor Plaintiff's counsel may utilize directly or indirectly the confidential information or records, documents made available pursuant to this

Order in any other administrative complaint, proceeding, or civil action.

**7.** All confidential information shall be retained in the custody of the Plaintiff's counsel, including their staff, during the pendency of this litigation. Plaintiff's counsel may also provide copies of such confidential information to any expert retained by the Plaintiff or persons frequently employed by such expert whose review of the material is necessary for the Plaintiff's prosecution in this litigation.

**8.** If confidential documents, records, or information, are used during depositions, that portion of the deposition shall be treated as confidential in accordance with this Order. Any party wanting to designate a portion of a deposition as confidential should do so at the time of the deposition or within ten days of the transcript being produced.

**9.** Plaintiff, Plaintiff's counsel and their staff, and any retained expert witness shall not disclose confidential information to any person.

**10.** Within thirty days of the final termination of this action, including all appeals, Plaintiff's counsel shall return all documents and any copies thereof to counsel for Defendants. If the documents are not needed prior to the termination of this action, counsel shall immediately return them to defense counsel.

**11.** This Protective Order shall govern all pre-trial proceedings, but shall be subject to modification either before, during, or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown.

**12.** This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue but shall be solely a matter of contract between the parties.

**13.** The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate Order of this Court.

**14.** This Order does not waive the right of any party to make objections to the discovery as permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

**15.** Counsel must confer in good faith in person before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after this objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute." The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the discovery cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing. Failure to follow these procedures shall act as a waiver of rights a party may have regarding a "Confidential" designation.

So Ordered.

D.P. Marshall Jr.
United States District Judge

31 July 2026

AGREED AS TO FORM AND CONTENT:

Jason E. Owens
Ark. Bar. No. 2003003
OWENS & PARKER LAW FIRM, P.A.
Mailing Address: P.O. Box 850
Conway, Arkansas 72033-0850
Physical Address: 1160 Markham St., Ste. 2
Conway, Arkansas 72032
Telephone: (501) 764-4334
Telefax: (501) 764-9173
email: owens@jowenslawfirm.com

Andrew C. Clarke
Bailey & Greer, PLLC
6256 Poplar Avenue Memphis, TN 38110
aclarke@accfirm.com
Attorney for Plaintiff

Luther Sutter, ARBN 95031
Lucien Gillham, ARBN 99199
Sutter & Gillham, PLLC
1501 N. Pierce St., Ste. 105
Little Rock, AR 72207
Phone (501) 315-1916
luther.sutterlaw@gmail.com
lucien.gillham@gmail.com
Attorney for Plaintiff

Matthew Keith Wren
Arkansas Municipal League
P.O. Box 38
North Little Rock, AR 72115
mkwren@arml.org
Attorney for Separate Defendant

Margaret Diane Depper
Sarah Jean DeBusk-Griffith
Sean Michael Rowland
Fuqua Campbell PA
3700 Cantrell Road, Suite 205
Little Rock, AR 72202
adepper@fc-lawyers.com
sdebusk-griffith@fc-lawyers.com
srowland@fc-lawyers.com
Attorney for Separate Defendants

Russell Allen Wood
Wood Law Firm, P.A.
501 East Fourth Street, Suite 4
Russellville, AR 72801
rwood@woodlawfirmpa.com
Attorney for Separate Defendants